*41 OPINION CONCURRING IN RESULT
Paul C. Wilson
Insurer was denied an opportunity to litigate coverage here, but it has only itself to blame. As the tortured history described in the majority opinion shows, Insurer had three separate chances to litigate coverage. In the end, however, it abandoned all three.
Insurer could have intervened as a matter of right in the underlying tort suit. It made a motion to that effect, but the trial court overruled that motion. Insurer had an opportunity to challenge that ruling by filing an appeal once the trial court entered its final judgment in the underlying tort suit, but it failed to do so.
The Insurer could have relied upon the trial court’s ruling that it had no interest in the underlying tort suit that would be impaired or impeded if it were not granted intervention, and litigated coverage in a separate action for declaratory judgment. Again, Insurer started down this road— filing two such suits, one in federal court and one in state court — but it abandoned both suits by dismissing them before a judgment on the merits could be entered.
Accordingly, because of the unique facts of this case, I concur in the result reached in the majority opinion.